T.C. Memo. 2008-176

UNITED STATES TAX COURT

RAYMOND AND JACQUE CROMLEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3499-06, 19563-06.[1]  Filed July 28, 2008.

Raymond and Jacque Cromley, pro se.

Anita Gill, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, Judge:  Respondent determined deficiencies in tax of
$1,393 and $795 for petitioners' taxable years 2003 and 2004,
respectively.  Unless otherwise indicated, all section references
are to the Internal Revenue Code as in effect for the years in
issue, and all Rule references are to the Tax Court Rules of

_____

[1] These cases are consolidated for trial, briefing, and
opinion.

Practice and Procedure. The issues we must decide are as follows: (1) Whether petitioners are entitled to deduct gambling expenses for the taxable years in issue; and (2) whether petitioners have unreported interest income for 2004.

### FINDINGS OF FACT

Some of the facts have been stipulated for trial pursuant to Rule 91. The parties' stipulations are incorporated herein by reference and are found accordingly.

At the time the petitions were filed, petitioners resided in Ohio.

During 2003 petitioner husband received gambling income of $668 from Carat Co., Inc., and $792 from Washington Trotting Association, Inc. During 2004 petitioner husband received $900 from Washington Trotting Association, Inc. Petitioners failed to report the gambling income on their respective tax returns for 2003 and 2004.

During 2003 and 2004 petitioner husband received Social Security income of $9,296 and $9,487, respectively. Petitioners failed to report the taxable portion of the Social Security income of $3,484 on their tax return for 2003 and of $4,304 on their tax return for 2004.

During 2003 petitioner wife received taxable pension and annuity income of $490 from Principal Life Insurance Co. Petitioners failed to report the pension and annuity income on their tax return for 2003.

During 2003 petitioners received $2,055 from H&R Block as a result of a "breach of contract" suit. Petitioners failed to report the income from the suit on their tax return for 2003.

OPINION

Section 61 provides that gross income is defined as "all income from whatever source derived". Gross income includes all "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

Section 86 provides for the inclusion in gross income of Social Security benefits if the taxpayer's modified adjusted gross income plus one-half the Social Security benefits exceeds a base amount.

Section 165(a) provides the general rule that there shall be allowed as a deduction any loss sustained during the taxable year and not compensated by insurance or otherwise. Section 165(d) limits the loss deduction of section 165(a), providing: "Losses from wagering transactions shall be allowed only to the extent of

the gains from such transactions." Section 165 permits deductions for gambling losses for a taxpayer who is not in the business of gambling, see Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987), only to the extent the taxpayer is permitted to itemize, sec. 63(a); see Calvao v. Commissioner, T.C. Memo. 2007-57; Heidelberg v. Commissioner, T.C. Memo. 1977-133.

All of the income items have been stipulated by the parties except for the $100 in interest income for 2004, as to which petitioners do not make any argument and which we take as a concession by petitioners. Consequently, the only issue left to decide is whether petitioners are entitled to deductions for gambling expenses for the years in issue. Petitioners raised the gambling expense issue at trial. Petitioners have not argued that petitioner husband is in the gambling trade or business. Consequently, if we were to allow petitioners' claimed gambling expenses, they would be deductible only as itemized expenses. However, petitioners concede they do not itemize their expenses, and, in any case, as the record shows, petitioners do not have sufficient expenses to allow them to itemize their expenses for the years in issue. Accordingly, as petitioners have failed to establish their right to deduct any gambling expenses for the years in issue, we hold that petitioners are not entitled to

deduct their claimed gambling expenses.  Consequently, on the basis of the record, we sustain respondent on the issues raised herein.  We have considered all of the arguments of the parties, and, to the extent not addressed herein, we deem those arguments to be without merit, irrelevant, or unnecessary to reach.

To reflect the foregoing,

<u>Decisions will be entered for respondent</u>.